UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

STEPHEN LOVELY,

    Plaintiffs,    Case No. 2:10-cv-331

v.    Honorable R. Allan Edgar

JAMES ARMSTRONG et al.,

    Defendants.
_____/

## ORDER

  This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On November 30, 2010, Plaintiff filed a 442-page, 856-paragraph complaint, which purported to set forth 120 legal counts against 28 Defendants for their allegedly conspiratorial conduct between 2007 and the present. Upon initial review, the Court concluded that Plaintiff's complaint was both vague and redundant, largely consisting of repetitious, conclusory statements of law punctuated by occasional, general assertions of fact. Rather than describing the specific actions taken by each Defendant, Plaintiff made sweeping legal assertions and referred the Court to the facts contained in the 248 additional pages of exhibits filed with the complaint.

  In an order issued January 20, 2011 (docket #6), the Court concluded that Plaintiff's complaint was abusive to the Court and to any parties who may be served. *See, e.g., Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375-76 (2007) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)); *Shephard v. Marbley*, No. 01-3678, 2001 WL 1557003, at *2 (6th Cir. Dec. 4, 2001) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman v.*

*Thomas*, 99 F.3d 807, 811 (6th Cir. 1996)). In addition, the Court held that Plaintiff had failed to comply with the Court's local rule requiring that all civil rights complaints brought by prisoners be submitted on the form provided by this Court. *See* W.D. Mich. LCivR 5.6(a).

For both reasons, the Court required Plaintiff to file an amended complaint on the form and imposed certain restrictions. After directing the Clerk to send to Plaintiff a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody, the Court then instructed Plaintiff as follows:

> If Plaintiff wishes to proceed with his action, he must carefully fill out the form and submit it to the Court within twenty-eight (28) days from the date of entry of this order. In addition, Plaintiff must comply with all instructions to the attached form complaint. That form instructs prisoners that the complaint **should not contain legal arguments or citations**. Instead, Plaintiff is limited to making factual allegations about the specific conduct of each Defendant. Plaintiff shall not incorporate by reference facts set forth in the exhibits. In addition, Plaintiff's amended complaint shall not exceed 25 pages in length. The amended complaint will take the place of the original complaint. Plaintiff need not re-submit supporting exhibits filed with the original complaint. The case number shown above must appear on the front page of the amended complaint. If Plaintiff fails to submit an amended complaint in proper form within the time allowed, the complaint may be dismissed without prejudice by the Court.

(Ord. to File Am. Compl., docket #6, Page ID#736.)

On February 14, 2011, Plaintiff filed an amended complaint on the form, naming a total of 31 Defendants. Plaintiff, however, did not "carefully fill out the form" or "comply with all instructions" to the form complaint. (*Id.*) First, notwithstanding the Court's express order to avoid legal arguments, Plaintiff's complaint continues to consist mostly of legal assertions and legalese about such matters as exhaustion, procedural default, and the requirements of a conspiracy claim; less than half of the complaint sets forth facts. Moreover, Plaintiff entirely fails to comply with the requirement that he list the title, place of employment and address of each named Defendant.

Instead, Plaintiff simply lists all but one of his Defendants, without providing an address for service of the complaint. He declares that the Defendants without addresses are "members of the Michigan Department of Corrections (M.D.O.C.), Cheboygan Hospital (CMH), and Mackinaw Straights Hospital (MSH) . . . ." (Am. Compl., Page ID#739.) Yet he proceeds to describe some of those individuals as working for MSI (Michigan State Industries) or MIOSHA (Michigan Occupational Safety and Health Administration). It is impossible to discern from the identifications whether certain Defendants work at MIOSHA, the MSI central office, the MSI laundry, the Chippewa Correctional Facility (URF) or another site within the MDOC.

In light of Plaintiff's prior abusive complaint, his failure to comply with the Court's explicit order, and his failure to provide information necessary to proceed with the action, the Court will dismiss the action without prejudice for lack of prosecution. Plaintiff shall remain liable for the $350.00 civil action filing fee.


Dated:     3/30/2011                     */s/ R. Allan Edgar*
                                         R. Allan Edgar
                                         United States District Judge